IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES WATTS and** | : | **No. 3:10cv92** |
| **SHARON WATTS,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIC HOLLOCK and** | : | |
| **AYERS TOWING SERVICE, INC.** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Plaintiffs Charles and Sharron Watts' (hereinafter "plaintiffs") motion for leave to amend the complaint. (Doc. 88). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of an accident that occurred on October 1, 2008. (Doc. 1, Compl. ¶ 5). On that day, Defendant Eric Hollock (hereinafter "Hollock") drove a flatbed trailer up a winding access road along Penobscot Mountain. (Id. ¶¶ 9-13). Hollock was hauling a 40,000-pound hoist to the top of the mountain. (Id.) The truck skid on the road and became ensnared in the mud on the access road. (Id. ¶¶ 18-19). Plaintiff Charles Watts (hereinafter "Watts") was part of a crew of men sent to assist Hollock in freeing the stranded truck. (Id. ¶ 20).

As part of their plan to free the truck, the crew decided to attach a bulldozer to the front of the tractor-trailer and drag it from a jackknifed position to safety. (Id. ¶

25).  They also attached a forklift to the trailer to pull it away from the cliff as the bulldozer pulled the tractor forward.  (Id.)  Hollock was to sit in the truck's driver's seat to steer as the bulldozer and forklift pulled the trailer around.  (Id. ¶ 28).  He was not to place the truck in gear or attempt to accelerate the truck until the forklift and bulldozer had been detached.  (Id. ¶ 27).  Watts's job during this operation was to stand near the forklift as a spotter.  (Id. ¶ 29).  This operation put the truck in motion, but Hollock allegedly did not follow his assigned role.  (Id. ¶ 30).  Instead of waiting for the bulldozer and forklift to be detached from his truck, plaintiffs claim Hollock engaged the transmission and started to drive the truck forward.  (Id.)  When the truck gained traction the line attached to the bulldozer became slack, which caused the forklift to tip over and fall on top of Watts, causing "severe, permanent and catastrophic injuries."  (Id. ¶ 31).

Plaintiffs filed a complaint in this action on January 14, 2010.  In the complaint, plaintiffs alleged that (1) Hollock acted with recklessness to bring about the October 1, 2008 accident and that he is liable for compensatory and punitive damages, (2) Ayers is vicariously liable for compensatory and punitive damages caused by the reckless conduct of Hollock, its employee and (3) Plaintiff Sharon Watts, Charles Watts's wife, is entitled to damages for loss of consortium.  (Id. ¶¶ 37-46).  Defendants filed a motion to dismiss plaintiffs' punitive damage claims on March 22, 2010 (Doc. 9), but the parties agreed the motion would be withdrawn, making a ruling by this court unnecessary (Docs. 10, 11).  The case was in discovery for

approximately one year.

On April 5, 2011, defendants filed a motion for summary judgment requesting the dismissal of the claims for punitive damages. (Doc. 33). On May 5, 2011, the parties entered into a joint stipulation with the consent of the court in which plaintiffs agreed to withdraw their punitive damages claims and defendants agreed to withdraw their motion for summary judgment. (Doc. 46). The court held a pretrial conference, ruled on motions in limine and set this case for trial on February 28, 2012. Plaintiffs now request this court for leave to amend the complaint.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiffs are residents of Texas. (Doc 1, Compl. ¶ 1). Defendant Eric Hollock is a citizen of Pennsylvania. (Id. ¶ 2). Defendant Ayers Towing Services is a Pennsylvania corporation with a principal place of business in Mountaintop, Pennsylvania. (Id. ¶ 3). Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case. See 28 U.S.C. § 1332. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Plaintiffs seek leave of the court to amend their complaint pursuant to Federal

3

Rule of Civil Procedure 15. In conjunction with their request for leave, plaintiffs filed their proposed amended complaint for the court's consideration. (See Doc. 89-1, Ex. F, Am. Compl.). The proposed amendments primarily replace claims of "reckless" conduct with those of "negligent" conduct.

Leave of the court is required under Federal Rule of Civil Procedure 15(a)(2) when a party seeks to amend a pleading outside of the time-frame allowed in Rule 15(a)(1).[1] Courts are instructed to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In discussing the requirement that leave to amend be freely given, the Supreme Court held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). District courts are justified in denying leave to amend when the movant has unduly delayed the case, when the movant seeks leave in bad faith or with a dilatory motive, when granting leave would unduly prejudice the other parties, and when the amendment would prove futile. See Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) (citing Foman, 371 U.S. at 182).

The Third Circuit has "consistently recognized . . . that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" Arthur v. Maersk,

---

[1] Under Rule 15(a)(1), a party can amend a complaint twenty-one days after serving it or twenty-one days after the service of a responsive pleading. See FED. R. CIV. P. 15(a)(1). In the instant case, the time in which plaintiffs could amend the complaint as a matter of course has expired as the answer was served on April 14, 2010.

4

Inc., 434 F.3d 196, 204 (3d Cir. 2006) (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)). To defeat a motion for leave to amend a complaint, "the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely filed." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of the Virgin Is., Inc., 663 F.2d 419, 426 (3d Cir. 1981)).

Plaintiffs desire to change the degree of care alleged to be violated from recklessness to simple negligence. Plaintiffs do not seek to add new parties or drastically alter the cause of action. Plaintiffs assert that the simple amendments proposed are warranted in light of the joint stipulation dismissing the punitive damages claims.

Defendants claim that plaintiffs must demonstrate recklessness at trial, irrespective of the standard imposed by law, as that is the only standard alleged in the first complaint. Defendants also contend that allowing the proposed amendments would be unduly prejudicial. Defendants cite seven reasons for why they would be unduly prejudiced if plaintiffs were permitted to amend the complaint.[2]

---

[2] Defendants cite the following seven reasons as an explanation of why they would be unduly prejudiced:

1. The Defendants filed their answer to the Plaintiffs' Complaint on March 26, 2010, thereby effectively closing the pleadings in this matter.

5

The court disagrees with defendants. Plaintiffs' motion to amend the complaint will be granted.

Justice requires that the court grant plaintiffs leave to amend their complaint as the proposed amendments are relatively minor and the prejudice defendants claim is far from the level required by federal law to deny leave to amend a complaint. Plaintiffs do not propose the addition of any parties. Plaintiffs do not assert additional claims. Plaintiffs leave the factual basis on which their claim rests unaltered. Rather, plaintiffs' amendments alter the degree of care that defendants are accused of violating from the heightened standard of recklessness to the lower standard of simple negligence. Irrespective of the requite standard of care necessary to succeed at trial, claims asserting a breach of a reckless standard and

---

2. Plaintiffs specifically and solely alleged reckless conduct in their Complaint on the part of the defendants and did not alternatively or otherwise plead simple negligent conduct on the part of the Defendants.
3. The parties have engaged in extensive discovery, including taking the deposition of Plaintiff Charles Watts, Defendant Eric Hollack (sic), and witnesses Thomas Rosell, Jason Krepner and Michael Boyer, who were co-employees with Plaintiff Charles Watts and were directly involved with the events leading up to and including the accident in which Plaintiff-husband was allegedly injured.
4. Defendants have defended against the Plaintiffs' allegations solely on the basis of a claim of reckless conduct, which was unambiguously stated in plaintiffs' Complaint and not against a claim of simple negligence.
5. In all the depositions taken in this case, Defendants reasonably anticipated that the only claims were those of reckless conduct and not simple negligence.
6. All parties have already submitted their pre-trial expert reports.
7. Trial is set for February 28, 2012.

(Doc. 93, Defs.' Br. In Opp'n to Pls.' Mot. to Am. Compl. at 5).

claims asserting a breach of a negligence standard both allege the tort of negligence.[3]  See Archibald v. Kemble, 971 A.2d 513, 519 (Pa. Super. Ct. 2009) (holding that a plaintiff could proceed with a claim requiring the higher culpability level of recklessness when that plaintiff only pled negligence).[4]  Therefore, under plaintiffs' amended complaint, the parties will rely on the same underlying facts, the same causation analysis, the same expert testimony and the same claims for compensatory damages as the parties would under the original complaint.  As stated above, plaintiffs should be provided the opportunity to test their claims on the merits when the facts relied upon present the proper subject for relief.  See Foman, 371 U.S. at 182.

In light of the relatively minor changes proposed in plaintiffs' amended complaint, the court is unmoved by defendants' claims of severe prejudice. Defendants have not demonstrated the high level of prejudice required by the Third Circuit to defeat a motion to amend pleadings–that the amendment prevents defendants from presenting facts they would have presented if the amendment was timely.  See Bechtel, 886 F.2d at 652.  Despite the reality that Rule 15(a) places no

---

[3] Negligence is both a tort (duty, breach of duty, causation and damages) and a culpability standard of care (failing to perform in the same manner as a reasonably prudent person would have performed in a similar situation).  See BLACK'S LAW DICTIONARY 1061-62 (8th ed. 2004).

[4] In light of the holding in Archibald, it is arguable whether plaintiffs even need to amend their complaint to specifically plead the negligence standard.  However, the court will not address this argument, and will simply focus on the defendants claims that the proposed amendments will cause severe prejudice.

7

time limit on when a court can grant leave to amend a complaint, most of the reasons cited by defendants are a summary of facts related to the advanced stage of this litigation. Although marginally indicative of some prejudice, this argument does not clearly demonstrate that justice requires the denial of the motion to amend the complaint.

It would undeniably taint defendants' case to allow plaintiffs to establish the normal standard of negligence, as opposed to requiring the heightened recklessness standard; however, this level of prejudice is not severe enough to justify the denial of a motion for leave to amend a complaint. Defendants do not claim that the proposed amendments would render them incapable of applying the substantial breadth of information already gathered in discovery to the negligence standard. No additional discovery will be necessary in light of these minor amendments. It is also unlikely that expert reports will need to be resubmitted.[5]

Furthermore, the scope of defendants' answer to the original complaint is broader than a mere denial of reckless conduct. Defendants assert the affirmative defense of comparative negligence and argue that they "breached no duty to Plaintiff." (Doc. 13, Answer at 6, 8). Therefore, defendants' contention of being

---

[5] Defendants cite the already completed expert reports as evidence of the substantial prejudice they would experience if the court grants leave for plaintiffs to amend the complaint. (See Doc. 93, Defs.' Br. in Opp'n to Pls.' Mot. to Am. Compl. at 5). However, the expert reports address issues of causation and accident reconstruction, and are not impacted by the application of a lower standard of care. (See Doc. 95-1, Schorr Report at 5-6; Doc. 95-2, Cocchiola Report at 11-12).

denied "the opportunity to specifically deny [allegations of] negligent care or careless conduct" is inconsistent with their answer and not indicative of any prejudice.

**Conclusion**

For the reasons stated above, plaintiffs' motion for leave to amend the complaint will be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES WATTS and** | : | **No. 3:10cv92** |
| **SHARON WATTS,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIC HOLLOCK and** | : | |
| **AYERS TOWING SERVICE, INC.** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2011, plaintiffs' motion for leave to amend the complaint (Doc. 88) is hereby **GRANTED**. The Clerk of the Court is directed to file plaintiffs' proposed amended complaint (Doc. 89-1) as the First Amended Complaint.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**